# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. V., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:20-cv-11256-HDV (AGR) <br><br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the Commissioner's decision denying disability benefits be affirmed. (ECF No. 16.) Plaintiff's Objections to the Report (ECF No. 18) do not warrant a change to the Magistrate Judge's findings or recommendation, for the following reasons.

Plaintiff objects that the Administrative Law Jude ("ALJ"), in discounting the opinion of Plaintiff's treating physician, "erred by substituting her interpretation" of the objective medical findings "that were used as the basis of the

[physician's] opinions." (ECF No. 18 at 2.) But although an ALJ generally does not have the qualifications of a medical professional, he or she is recognized as competent to interpret objective medical findings in assessing disability. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ properly considered "objective medical findings" from an MRI and x-rays in assessing a claimant's testimony); *see also Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (recognizing "a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work").

Plaintiff objects that the ALJ, in discounting the opinion of Plaintiff's treating physician, "erred by picking and choosing the normal findings felt to be persuasive while ignoring abnormalities[.]" (ECF No. 18 at 5.) To the contrary, the Report cited findings that constituted substantial evidence. Specifically, the record included evidence that, on several occasions, Plaintiff reported only "everyday" kinds of pain and had physical and mental examinations revealing normal findings. (ECF No. 16 at 6-7.)

Plaintiff objects that the ALJ, in discounting the opinion of Plaintiff's treating physician, erred in characterizing Plaintiff's treatment as conservative. (ECF No. 18 at 5-6.) As the Report found, however, the treating physician prescribed only medications and did not advise epidural injections or even physical therapy, even when told by Plaintiff that medications provided only approximately 10% relief. (ECF No. 16 at 6.) The ALJ could properly characterize such treatment as conservative. *See Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (holding that an ALJ cited evidence of conservative treatment that included physical therapy and ongoing pain medication); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (holding that an ALJ may decline to credit a medical opinion that is inconsistent with the claimant's conservative treatment).

Plaintiff objects that the ALJ, in discounting the opinion of Plaintiff's treating physician, erred in finding the opinion conflicted with a recommendation from another doctor that Plaintiff return to work. (ECF No. 18 at 6.) As an initial matter, Plaintiff objects that the ALJ did not actually make this finding. (*Id.*) To the contrary, the ALJ explicitly found that the treating physician's opinion was inconsistent with "treatment notes from U.S. Health Works Medical Group," in which the recommendation to return work could be found. (ECF No. 11-3 at 39; ECF No. 11-12 at 22.) Plaintiff further objects that any such recommendation was vague about what type of work Plaintiff could perform. (ECF No. 18 at 6.) To the contrary, the recommendation specified that Plaintiff could "return to his regular job duties immediately." (ECF No. 11-12 at 22.)

Plaintiff objects that the ALJ, in discounting the opinion of Plaintiff's treating physician, failed to assess the opinion under the agency's regulatory factors. (ECF No. 18 at 7-8.) These factors include "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). But an ALJ "is not required to make an express statement that she considered all the factors outlined" in that regulation; rather, his or her decision need only contain some indication that the factors were properly considered. *Kelly v. Berryhill*, 732 F. App'x 558, 562 n.4 (9th Cir. 2018). Here, the ALJ's opinion contained adequate indications that the regulatory factors were considered in assessing the treating physician's opinion. The ALJ acknowledged the treatment relationship and then explained the supportability and consistency of the medical opinion compared to the rest of the medical record. (ECF No. 11-3 at 40.)

Plaintiff objects that the ALJ, in discounting Plaintiff's testimony, was "vague" in finding the testimony inconsistent with "the evidence as a whole." (ECF No. 18 at 8.) To the contrary, the ALJ clearly explained that Plaintiff's

testimony was discounted because it was unsupported by objective medical evidence, because he had a wide range of daily activities, because his treatment was routine and conservative, because he had not been entirely compliant with recommended treatment, and because he had experienced documented improvement with treatment. (ECF No. 11-3 at 37-38.)

Finally, Plaintiff objects that the ALJ, in discounting Plaintiff's testimony, impermissibly relied solely on lack of substantiation by objective medical evidence. (ECF No. 18 at 8.) To the contrary, as the Report found, the ALJ permissibly relied on other reasons. Specifically, a physician opined that Plaintiff could return to work, Plaintiff was not seeing his pain specialist, and he reported independence in walking, sitting, standing, crouching, stooping, and kneeling. (ECF No. 16 at 10.) These were permissible reasons to discount Plaintiff's testimony. *See Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993) (holding that an ALJ properly assessed a claimant's back impairment partly because a physician opined he would be able to return to his regular work); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (holding that an ALJ may assess a claimant's testimony with evidence of an unexplained or inadequately explained failure to seek treatment), *superseded on other grounds by* 20 C.F.R. § 404.1502(a); *Rollins*, 261 F.3d at 857 (holding that an ALJ could find a claimant's testimony inconsistent with her testimony about her abilities).

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) the decision of the Commissioner is affirmed.

DATED: __10/2/23_____

HERNAN D. VERA
UNITED STATES DISTRICT JUDGE